# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**CARRIE MITCHELL FISHER**                                                  **PLAINTIFF**

**VS.**                            **3:05CV00278-WRW**

**BOB BRETHERICK, et. al**                                            **DEFENDANTS**

## ORDER

Pending are Defendants' Motions to Dismiss (Doc. Nos. 4, 15). Also pending are Plaintiff's Motion for Relief from Judgment (Doc. No. 7) and Motion to Extend Time (Doc. No. 11).

Defendants assert that this case should be dismissed because "it is barred by the applicable statute of limitations since Plaintiff's Complaint is entirely premised upon incident that occurred in 2000, more than five (5) years ago, and no savings or other tolling statutes apply."[1] Defendants also contend that the case should be dismissed because Plaintiff previously filed an identical case that was "dismissed with prejudice as a sanction for Plaintiff's discovery abuses and for her failure to prosecute her case."[2]

Plaintiff did file an identical case earlier, but it was dismissed *without* prejudice; so Plaintiff can pursue this case. The January 12, 2005 Order in the previous case, read:

> Pending Defendants' Motion to Dismiss (Doc. No. 19) which was filed on November 15, 2004. On December 20, 2004, an Order was entered granting Plaintiffs an extension of time until December 29, 2004 to respond to this Motion.
>
> On its face, the motion appears to be well taken. And since Plaintiffs still have not responded, I assume Plaintiff agrees with Defendants' position.

---

[1] Doc. No. 4.

[2] *Id.*

1

Accordingly Defendants' Motion to Dismiss is GRANTED and this case is DISMISSED.[3]

Although the order did not specify the type of dismissal, there was no adjudication on the merits, and I intended to dismiss *without* prejudice.

The Arkansas Savings Statute, which is applicable to this case, reads: "[i]f any action is commenced within the time . . . prescribed . . . and the plaintiff therein suffers a nonsuit . . . the plaintiff may commence a new action within (1) one year after the nonsuit."[4]  "The saving statute, along with Arkansas Supreme Court interpretations of that statute" are applicable when considering "whether a plaintiff's § 1983 action is time-barred."[5]

Arkansas's three-year personal injury statute of limitations governs this § 1983 action.[6] Plaintiffs first case was filed within the applicable statute of limitations.[7]  Since Plaintiff commenced the first case within the applicable statute of limitations, the Arkansas Savings Statute applies, and this second case was properly filed within a year of the dismissal of the first suit.[8]

---

[3]*Fisher v. Bretherick*, 3:04-CV-00073 (E.D. Ark. 2003), Doc. No. 24.

[4]Ark. Code Ann. § 16-56-126.

[5]*Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001).

[6]*See Ketchum v. City of West Memphis, Ark*., 974 F.2d 81, 82 (8th Cir. 1992).

[7]The Complaint was filed on August 18, 2003.  The circumstances surrounding the claims in the complaint occurred on or after August 26, 2000.

[8]The first case was dismissed on January 12, 2005 and the complaint in this case was filed on December 5, 2005.

## CONCLUSION

Based on the above findings of fact and conclusions of law, Defendant's Motions to Dismiss (Doc. Nos. 4, 15) are DENIED and Plaintiff's Motion for Relief from Judgment (Doc. No. 7) is GRANTED.

Because no objection has been filed and the time for doing so has passed, Plaintiff's Motion to Extension of Time to Obtain Service on Separate Defendant Bob Bretherick (Doc. No. 11) is GRANTED. Plaintiff must perfect service on Defendant Bretherick within 90 days of the date of this order.

IT IS SO ORDERED this 27th day of April 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE